# Merritt *v.* Vincent Mercantile Co.

## *Assumpsit.*

(Decided Nov. 23, 1908.   47 South. 731.)

*Pleading; Time of Filing; Non Claim.*—Sections 2589 and 2590, Code 1897, make claims not presented to an administrator or executor within a certain time barred, and a plea setting up the bar of the statute of non claim may be filed on the trial in the circuit court where judgment by default was rendered against an administrator in the justice court, and the judgment is being reviewed by certiorari.

APPEAL from Shelby Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by the Vincent Mercantile Company against Eliza J. Merrett, administratrix. There was a judgment for plaintiff by default in the justice court, and defendant brought the case by certiorari to the circuit court. Pleas of nonclaim were stricken, and defendant appeals. Reversed and remanded.

McMILLAN & HAYNES, for appellant. The trial is de novo. Sec. 488, Code 1896. The pleas offered to be filed were pleas in bar and not in abatement.—Sec. 130 Code, 1896; *Allen v. Eliott,* 67 Ala. 436; *Jones v. Lightfoot,* 10 Ala. 17; *Branch Bank v. Hawkins,* 12 Ala. 755.

BROWN & LEEPER, for appellee. No brief came to the Reporter.

DENSON, J.—This is an action against an administratrix commenced before a justice of the peace. A judgment was rendered against the defendant (appellant) in the justice court by default. The defendant carried the cause by certiorari to the circuit court. At the first

[Scarbrough v. City National Bank.]

term of the circuit court pleas of the statute of nonclaim were filed, but at the trial were stricken on motion of the plaintiff, on the ground that no such pleas were filed in the justice court.

The ruling of the court striking the pleas was duly excepted to, and is now properly presented for review by the bill of exceptions. The statute (Code 1907, §§ 2589, 2590) ex vi termini makes the defense of nonclaim a defense in bar of the maintenance of the suit. Therefore the failure to file the pleas in the justice court did not deprive the defendant of the right to file them in the circuit court. It follows that reversible error was committed in striking the pleas.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.